NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: VICTOR MANUEL CELORIO GARRIDO,**
*Appellant*

---

2016-1007

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 90/012,726.

---

Decided: April 26, 2016

---

VICTOR MANUEL CELORIO GARRIDO, Gainesville, FL, pro se.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Michelle K. Lee. Also represented by THOMAS W. KRAUSE, SCOTT C. WEIDENFELLER, BENJAMIN T. HICKMAN.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Victor Manuel Celorio Garrido ("Mr. Celorio") appeals from the decision of the Patent Trial and Appeal Board ("Board") in the ex parte reexamination of U.S. Patent No. 6,012,890 ("the '890 patent"). The Board affirmed the

Patent and Trademark Office ("PTO") examiner's rejection of claims 1–4, 6, 7, 9–11, 13–24, 26, 27, 29–31, 33–36, 38–40, 48, 50–53, 61–67, 75, 76, 78–82, 84–86, 88–90, 100, 102–05, 107, 108, 115, 117–50, 152, 158, 163–86, and 188–223 as anticipated or obvious over the prior art or invalid for failure to comply with the requirements of 35 U.S.C. § 112. We affirm.

BACKGROUND

Mr. Celorio owns the '890 patent, which is directed to an "Electronic Bookstore Vending Machine" for printing and binding books on demand. A third party requested ex parte reexamination of the '890 patent before the PTO. The examiner initiated reexamination of claims 1–4, 6–24, 26–31, 33–36, 38–41, 48, 50–53, 61–67, 75, 76, 78–90, 100, 102–08, and 115–20 and issued a non-final office action, rejecting various claims as anticipated under 35 U.S.C. § 102(b) and obvious under 35 U.S.C. § 103(a).

During the course of reexamination, Mr. Celorio added over one hundred new claims. The examiner issued a final rejection, maintaining the original § 102(b) and § 103(a) rejections and entering new rejections for many of the new claims for deficiencies under § 112. Mr. Celorio timely appealed to the Board, and the Board affirmed the examiner's rejections. *Ex Parte Garrido* (*Board Decision*), No. 15-4695, 2015 WL 4090081 (PTAB June 30, 2015).

Mr. Celorio timely appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141.

DISCUSSION

We review the Board's factual findings for substantial evidence and its legal conclusions without deference. *Rambus Inc. v. Rea*, 731 F.3d 1248, 1251 (Fed. Cir. 2013). "Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence." *In re Mouttet*, 686 F.3d 1322, 1331 (Fed. Cir. 2012).

Obviousness under § 103(a) is a "legal conclusion based on underlying factual determinations. The factual determinations include (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective evidence of nonobviousness." *Rambus*, 731 F.3d at 1251–52 (internal citation omitted).

On appeal, Mr. Celorio first argues that the examiner failed to consider secondary considerations of nonobviousness before arriving at his ultimate determination regarding obviousness. Specifically, Mr. Celorio asserts that the examiner improperly presented analysis of the evidence of secondary considerations for the first time in the examiner's brief to the Board. Mr. Celorio complains that this is error because, under this Court's precedent, the examiner must consider objective evidence before making his ultimate conclusion on obviousness. While this general proposition is correct, Mr. Celorio did not properly submit evidence of secondary considerations until after the examiner issued a final office action. The examiner then issued an advisory action, explaining why that evidence of commercial success, long-felt need, failure of others, and copying was insufficient to demonstrate nonobviousness of the rejected claims. *See* Advisory Action, *Ex Parte Garrido*, Reexam. Control No. 90/012,726 (PTO April 15, 2014). The examiner later elaborated on the reasons for his conclusion in his brief to the Board.

Specifically, the examiner explained that Mr. Celorio failed to present evidence establishing a nexus between the claims and the evidence of commercial success. Commercial success of a product "is relevant in the obviousness context *only if* there is proof that the sales were a direct result of the unique characteristics of the claimed invention—as opposed to other economic and commercial factors unrelated to the quality of the patented subject matter." *In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996) (emphasis added). With respect to long-felt need and

failure of others, the examiner explained that Mr. Celorio failed to present requisite evidence to establish these factors. Specifically, the examiner explained that Mr. Celorio did not demonstrate that those of skill in the art recognized the problem and were working on a solution for a long period of time, and yet failed to solve the problem. "Absent a showing of a long-felt need or the failure of others, the mere passage of time without the claimed invention is not evidence of nonobviousness." *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004). And with respect to copying, the examiner explained that Mr. Celorio's submitted evidence did not demonstrate the alleged copying fell within the scope of the claims. As we have explained, while copying may be a relevant secondary consideration, "as with the commercial success analysis, a nexus between the copying and the novel aspects of the claimed invention must exist for evidence of copying to be given significant weight in an obviousness analysis." *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012) (internal quotation mark omitted). Although the examiner elaborated on the basis for rejecting the evidence of secondary considerations in his brief to the Board, the examiner did consider Mr. Celorio's evidence prior to the appeal and Mr. Celorio had adequate notice prior to appeal of the examiner's rationale for rejecting this evidence. The Board adopted the examiner's findings regarding secondary considerations, and in view of the evidence of record, we find substantial evidence supports those findings.

Mr. Celorio next argues that the Board erred in affirming the rejection of certain claims as indefinite under § 112, asserting that rejections during reexamination may be based on only prior-art grounds. Mr. Celorio is correct that rejections of original patent claims are limited to prior art grounds during reexamination. When new claims are added during reexamination, however, the new

claims may be rejected for failing to comply with § 112. *See* 37 C.F.R. § 1.552(a) ("Claims in an ex parte reexamination proceeding will be examined on the basis of patents or printed publications and, with respect to subject matter added or deleted in the reexamination proceeding, on the basis of the requirements of 35 U.S.C. § 112"). Because the only claims rejected for failure to comply with § 112 were new claims added by Mr. Celorio during the course of reexamination, the Board did not err in affirming the examiner's § 112 rejections.

The finding that certain claims of the '890 patent were not indefinite during district court litigation, *Celorio v. Google*, No. 11-0079, 2013 WL 5745675 (N.D. Fla. Oct. 22, 2013), has no impact on the Board's decision. The district court decision involved different claims than those subject to the indefiniteness rejections during reexamination. In any event, the PTO is not bound here by the district court's decision. *See In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir. 2008) ("[A] prior holding of validity is not necessarily inconsistent with a subsequent holding of invalidity, and is not binding on subsequent litigation or PTO reexaminations." (internal citation and quotation marks omitted)).

Mr. Celorio also challenges the grounds of rejection involving a prior art reference, JIM WALLACE, *Exploring IBM Print on Demand Technology* (Maximum Press) (1996) ("Wallace"). Mr. Celorio asserts that Wallace is not prior art, disputing the publication date of Wallace. But the Board explained that "the prior art status of Wallace is not determinative as to the patentability of the rejected claims." *Board Decision*, 2015 WL 4090081, at *5. As the Board explained, all rejections that relied on Wallace alternatively relied on U.S. Patent No. 5,028,192 ("Lindsay") or HOWARD M. FENTON, *et al.*, *On Demand Printing: The Revolution in Digital and Customized Printing* (Graphic Arts Technical Foundation (1995) ("Fenton"). *Id.* Thus, because none of the rejections affirmed by the

Board depend upon Wallace, we need not resolve the prior art status of Wallace.

Mr. Celorio further argues that Wallace, Lindsay, and Fenton, individually or collectively, do not disclose all elements of the rejected claims. Mr. Celorio mistakenly asserts that "clear and convincing" evidence is required to establish obviousness. In a reexamination before the PTO, a lower "preponderance of the evidence" standard applies. *See In re Swanson*, 540 F.3d at 1377. Furthermore, while we understand Mr. Celorio to be making a general argument that the rejected claims are not obvious in view of the cited prior art, Mr. Celorio fails to explain which specific elements of the claims are not taught by the prior art. Nor did he present any such argument before the Board. Thus, we find no error in the Board's affirmance of the rejections premised on Wallace, Lindsay, and Fenton. We advise Mr. Celorio that, in any future proceedings he has before the PTO, he should specifically identify the particular language in the claim that he contends is missing in the prior art references relied on by the examiner.

Next, Mr. Celorio argues that the Board applied improper hindsight bias by adopting a construction for the claim term "formatting" previously adopted in the reexamination of U.S. Patent No. 6,213,703 ("the '703 patent"), a child of the '890 patent. He asserts that the reexamination file of the '703 patent is not prior art because it occurred after the priority date of the '890 patent. Mr. Celorio does not suggest an alternate construction for the term "formatting," but instead objects only to the Board's reliance on the construction adopted in the reexamination of the '703 patent. The Board did not err by construing this claim term consistently across both the '890 and '703 patents. As we have explained, "[w]here multiple patents 'derive from the same parent application and share many common terms, we must interpret the claims consistently across all asserted patents.'"

*SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307, 1316 (Fed. Cir. 2015) (quoting *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1293 (Fed Cir. 2005)). Moreover, we find Mr. Celorio's assertion that the Board erred by relying on the '703 patent reexamination file because it is not prior art unpersuasive because the Board relied on the file merely for claim construction, not for determining the scope and content of the prior art.

Finally, Mr. Celorio asserts that the Board's and examiner's decisions evidence bias against Mr. Celorio as a Hispanic pro se appellant. Specifically, Mr. Celorio asserts that the examiner expressed prejudice and bias against Mr. Celorio and "made extra efforts to try to trip" him. Appellant Br. 27. We disagree. We see no evidence suggesting that the examiner treated Mr. Celorio differently than other pro se applicants. Likewise, the Board's decision does not reflect any bias and Mr. Celorio's allegations of bias on the part of the Board and the examiner are unsupported by evidence. We have considered Mr. Celorio's remaining arguments and find them unpersuasive. We therefore affirm the Board's decision.

**AFFIRMED**

COSTS

No Costs.